[No. 2167.  Decided April 13, 1896.]

CLARINDA C. GATES, *Appellant*, v. N. J. MOLDSTAD *et al.*, *Respondents*.

FRAUD — SUFFICIENCY OF COMPLAINT.

A complaint in an action for damages for false representations states a cause of action when it alleges that defendants made representations as to the solvency of the makers of two promissory notes, knowing them to be false and that the notes were valueless, and that plaintiff relied upon such representations, although the complaint may further allege that defendants falsely represented that they would indorse the notes and become responsible for their payment, but that, instead of doing so, they indorsed them without recourse, as the representations as to solvency and indorsement were concerning distinct matters to such an extent that the negotiations as to the solvency of the makers could not be considered as having been merged in the contract of indorsement.

Appeal from Superior Court, Skagit County.—Hon. HENRY McBRIDE, Judge.  Reversed.

*Million & Houser*, and *D. H. Hartson*, for appellant.
*Sinclair & Smith*, for respondents.

The opinion of the court was delivered by

Hoyt, C. J.—By this action plaintiff sought to recover for damages alleged to have been sustained by reason of certain false and fraudulent representations made by respondents with reference to the solvency of the makers of two certain promissory notes, which induced appellant to accept said notes in part payment for certain real estate which at the time was conveyed to respondents. The complaint, after setting forth these facts, alleged that, for the purpose of further inducing and causing appellant to accept said notes, respondents falsely and fraudulently represented that they would indorse them and become responsible for

their payment; that, instead of doing so, they indorsed them without recourse. The superior court held that the complaint did not state facts sufficient to constitute a cause of action, and the plaintiff electing to stand upon the complaint, judgment of dismissal was entered to reverse which this appeal has been prosecuted.

In what respect the superior court found the complaint to be insufficient does not appear from the record, but the principal reason therefor suggested in the brief of respondents is that the representations as to the solvency of the makers of the notes could not have induced the appellant to accept them, for the reason that what was said upon that subject was merged in the promise to indorse the notes, and that what was said as to the indorsement was merged in the contract, which was made when the notes were indorsed without recourse. If the solvency of the makers of the note would have been a matter of no concern to the appellant had the agreement to indorse stated by her been complied with by the respondents, there might be force in the contention that the complaint failed to state a cause of action, for the reason that all of the negotiations leading up to the making of the indorsement might be held to have been merged therein. But, in our opinion, the solvency of the makers might have had a material influence upon the appellant, irrespective of the question as to whether or not the indorsement of the notes was to be such as to make the respondents liable if they were not paid by the makers.

If the indorsement was such as to make the indorsers liable in case of non-payment, the responsibility of the makers could not materially have influenced the appellant, if she was content to rely solely upon the responsibility of the indorsers. But there is noth-

ing in the complaint to show that she was content to
rely upon their responsibility alone.   For all that ap-
pears, such indorsers may have been of doubtful re-
sponsibility, and even though the notes had been
indorsed by them so as to make them liable in case of
non-payment, appellant's principal reliance may still
have been upon the responsibility of the makers of
the notes.   If the makers were responsible and the
indorsement was such as to make the indorsers liable,
appellant had two sources to which to look to make the
money due on the notes, and these sources were en-
tirely independent of each other, and could be resorted
to jointly or severally until the full amount due upon
the notes had been paid.   Hence, representations in
reference to the indorsement had no connection what-
ever with representations as to the solvency of the
makers.   The one was a representation which might
have induced her to presume that she could recover
the money due upon the notes from the makers; the
other that she could recover it of the respondents; and
the fact that one was made under such circumstances
as to show that she did not rely upon it could in no
manner negative the claim that she relied upon the
other.

The representations as to the solvency of the mak-
ers, alleged in the complaint to have been made by
the respondents were as to existing facts material to
the question of their solvency, and not mere matters
of opinion as to such facts; and it was sufficiently al-
leged therein that the appellant relied upon such rep-
resentations and by reason of them took the notes in
part payment of the money due from the respondents.
And it was also sufficiently alleged that such represen-
tations were untrue and that the respondents knew
they were untrue at the time they made them, and that

the makers were in fact insolvent and the notes value-
less so far as their value depended upon the ability
to collect a judgment rendered thereon against the
makers.

That the making of material representations of this
kind, when known to be false, constitutes such fraudu-
lent misrepresentation as to render the one who makes
them liable in damages, is beyond question.  Hence,
the complaint stated a cause of action, unless the rep-
resentations as to the solvency of the makers were
merged in those as to the agreement to indorse, and
those in turn merged in the contract of indorsement
evidenced by the indorsement itself.  But, as we have
seen, the agreement in reference to the indorsement
was entirely independent of the representations as to
the solvency of the makers, and could have had no
influence upon such representations.

The reasons given by the appellant in her brief for
including the representations as to the indorsement
in the complaint were that the fact that the respond-
ents were willing to indorse the notes tended to show
that they had made the representations alleged as to the
solvency of the makers.  But, in our opinion, this
claim furnished no good reason for such representa-
tions having been included in the complaint.  If these
representations were, as claimed by the respondents,
merged in the contract evidenced by the indorsement,
they were without value to the appellant.  The fact
that the respondents were willing to indorse could have
no tendency to prove that they represented the makers
to be solvent.  They might have been willing to in-
dorse the notes and deliver them instead of paying the
cash, even if the makers were known to be insolvent.
On the other hand, they might have been unwilling
to indorse them if they had known the makers were

perfectly solvent.    But the fact that these representations as to the indorsement did not aid the complaint could take nothing from the force of the allegations as to the representations in reference to the solvency of the makers, and as in our opinion those, if true, were such as to make the respondents liable in damages, the complaint stated a cause of action.

The judgment will be reversed and the cause remanded with instructions to proceed in accordance with this opinion.

ANDERS, SCOTT and DUNBAR, JJ., concur.